6 F.3d 829
 303 U.S.App.D.C. 370
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Ian Moses ASHLEY, Appellant.
 No. 91-3273.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 17, 1993.
 
 Before: MIKVA, Chief Judge, WALD and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that this case be remanded to the District Court for clarification of its factual findings and for legal conclusions regarding the permissibility of the search. If the District Court decides that the evidence was wrongfully admitted, it should take appropriate action to vacate the conviction. If, on the other hand, the District Court determines the evidence to be admissible, the Clerk of the United States District Court for the District of Columbia shall promptly transmit the record back to this panel for final decision of this appeal.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Ian Moses Ashley appeals his conviction for possession of cocaine with intent to distribute on the grounds that the district court erroneously failed to suppress evidence that was obtained in violation of the Fourth Amendment. Ashley claims, inter alia, that the search of his body inside his underwear from which drugs were recovered exceeded the scope of his consent. The government counters that the search was within the scope of Ashley's consent. Because we cannot adjudicate Ashley's Fourth Amendment claims on the record before us, we remand the record to the district court for clarification of its factual findings and legal conclusions regarding the scope of the search and the existence of probable cause.
 
 
 5
 According to the testimony of Metropolitan Police Department Detective Ronald Hairston, which the district court credited in its opinion refusing to suppress the evidence, the following scenario occurred at approximately 6:30 p.m. on January 29, 1991. While working the Interdiction Detail at the Greyhound Bus Station, Hairston observed Ashley disembark from a bus. Hairston approached Ashley, identified himself as a police officer, and explained that his job was to interdict the flow of drugs into Washington. After asking Ashley whether he was carrying any drugs on his person, Ashley replied, "no, do you want to search me?" and raised his arms over his head. Hairston responded that he did want to search Ashley, but that Ashley could put his hands down.
 
 
 6
 It is not clear from the record below exactly what happened next. At the suppression hearing held on April 8, 1991, Detective Hairston described the search as follows: "So I began to search Mr. Ashley, and from inside his underwear I recovered a brown paper bag containing a plastic bag with rock-like substance." Motions Tr. at 6. In its April 12, 1991, memorandum opinion denying the motion to suppress, the district court found that, "To find the drugs, Detective Hairston loosened both pairs of pants and then reached into Mr. Ashley's underwear." United States v. Ashley, 761 F.Supp. 3, 4 (D.D.C.1991). However, Detective Hairston's testimony at trial contradicted--at least in part--the district court's factual finding regarding the search. He stated: "As I was searching Mr. Ashley, I could feel the package in his pants and I asked Mr. Ashley to open his first pair of pants, and after he opened the first pair of pants, I opened up the second pair of pants, and recovered the drugs." Trial Tr. V, at 97-98. Based on the sketchy record below, we cannot discern either whether the search was within the scope of consent, or whether Detective Hairston had probable cause to seize the drugs prior to reaching into Ashley's underwear.
 
 
 7
 Subsequent to the district court's April 12, 1991, memorandum opinion, this court and the Supreme Court have decided three important cases regarding the admissibility of evidence obtained from a search of one's person. First, in May, 1991, the Supreme Court established an "objective reasonableness" standard for measuring the scope of a suspect's consent under the Fourth Amendment, i.e., what the typical reasonable person would have understood by the exchange between the officer and the suspect. See Florida v. Jimeno, 111 S.Ct. 1801, 1803-04 (1991). Second, in United States v. Rodney, 956 F.2d 295, 298 (D.C.Cir.1992), this court held that a suspect's generalized consent to a body search for drugs authorizes a frisk search that includes touching of the outside clothing in the crotch area. More recently, in Minnesota v. Dickerson, 113 S.Ct. 2130 (1993), the Supreme Court found that if an officer lawfully pats down a suspect's outer clothing and feels an object "whose contour or mass makes its identity immediately apparent," and the object is contraband, its seizure is justified. Id. at 2137. In view of these intervening cases announcing key principles for conducting body searches, we find it necessary to remand to the district court to determine whether the search of Ashley was valid under the standards set forth therein.
 
 
 8
 Accordingly, we remand to the district court for clarification of its factual findings and legal conclusions regarding the permissibility of the search in view of the consent given. If the district court finds that the search of Ashley's underwear exceeded the scope of consent, it must determine whether the seizure of the drugs was nonetheless justified because, within the scope of the initial consented-to search, Hairston could identify the presence of the drugs. See Minnesota v. Dickerson, 113 S.Ct. at 2137 (seizure of drugs from one's person does not require warrant if police officer can immediately detect identity of contraband); United States v. Rodney, 956 F.2d at 298 (after feeling small, rock-like objects in suspect's groin area during frisk search, police officer had probable cause to arrest and could retrieve drugs).
 
 
 9
 The district court may hold a new hearing to determine exactly what transpired during the search of Ashley, and whether such search complied with the relevant legal and constitutional standards. If the district court decides that the evidence was wrongfully admitted, it should take appropriate steps to vacate the conviction. On the other hand, if the district court determines the evidence to be admissible, the record, as supplemented by the court's findings of fact and conclusions of law, shall be returned promptly to this panel for final decision of this appeal.